# STATE OF SOUTH DAKOTA v. COLLINS.

## IN EQUITY.

No. 10, Original. Submitted March 4, 1919.—Decided March 17, 1919.

Under the constitution and laws of South Dakota, interest received by the state treasurer on state funds deposited by him in bank belongs to the State, and the treasurer must account therefor.
Judgment for plaintiff.

THE case is stated in the opinion.

Mr. Clarence C. Caldwell and Mr. Edward W. Wagner for plaintiff.

No appearance for defendant.

MR. JUSTICE McKENNA delivered the opinion of the court.

Suit by the State of South Dakota for an accounting and to recover from defendant interest received by him as treasurer of the State upon moneys of the State deposited by him in various banks.

There is no dispute about the facts, which are detailed at very great length in the bill of complaint.

Collins was treasurer for four years, beginning January, 1903. As such he was entitled to a salary of $1800 a year, and it is provided by the constitution of the State that neither the treasurer nor any other officer of the State shall receive any "fees or perquisites whatever for the performance of any duties connected with their offices." And there are statutory provisions supplementing the constitution, one of which is that "all moneys belonging to the state, deposited in banks by the state treasurer shall be deposited not to his credit as an individual, but in his name as state treasurer, and not otherwise." § 333, Revised Political Code of 1903.

It is alleged that defendant received the sum of $10,000 and more, and it is prayed that he be required to make a full and correct accounting of the moneys received by him and wrongfully withheld from the State.

Defendant answered as follows: "I hereby deny the allegation as set forth in the complaint and plead not guilty to the charge of misappropriating, withholding or converting to my personal use any moneys belonging to the State of South Dakota during my term of office."

On motion of plaintiff a referee was appointed to take the testimony on its part and that of defendant and make findings and recommendations.

On May 9, 1918, the referee made return of his proceedings, with the evidence adduced, from which he concluded as follows:

"That between January 1st, 1903, and January 10th, 1907, there was paid to the defendant as interest upon the moneys of the State of South Dakota, which was received by him as Treasurer of said State, and paid to him on deposits in the several banks above named, interest amounting to $32,094.27; that said sum was received by the defendant as interest upon the public moneys of the State of South Dakota deposited by him as such State Treasurer in said banks in excess of his salary and all other sums due him from said State as State Treasurer, and that the same was received and retained by him and he rendered no account thereof to the plaintiff nor any of its officers, and paid no part of the same to the plaintiff or any of its officers, and that the said defendant appropriated the said sum to his own use." And the referee recommended that judgment be entered in favor of plaintiff and against defendant in the sum of $32,094.27, with interest thereon at the rate of 7% per annum from January 1, 1907, and for plaintiff's costs and disbursements of the suit.

The case was put down for argument and subsequently submitted on brief, the defendant filing none.

Counsel for the State submits quite a long argument to sustain the report, with citation of authorities to establish the liability of defendant. It is not necessary to review them. There is no doubt of defendant's liability. He has not appeared to contend to the contrary, and at the taking of the testimony his defense or extenuation was that he acted upon his faith in a decision of the Supreme Court of Colorado, and, to evade or to withhold aid from any possible criminal prosecution, he declined to answer in regard to transactions concerning the receipt of interest on the public moneys he had deposited in various banks.

Further discussion is unnecessary. The Supreme Court of the State has decided (December 4, 1917), construing

§ 333, *supra,* and other statutory provisions, that in cases like that at bar it is state funds that are deposited and that earn the interest and not the money of the treasurer, and that, therefore, the interest becomes a mere increment of the principal fund and when it is paid to the treasurer it is in effect paid into the state treasury and the treasurer becomes liable for it. *State* v. *Schamber,* 39 S. Dak. 492.

The report of the referee is approved and judgment directed to be entered against defendant in the sum of $32,094.27, with interest thereon at the rate of 7% per annum from January 1, 1907, and for costs and disbursements of the suit.